**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number (If known): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Jumpstar Enterprises LLC

2. **All other names debtor used in the last 8 years**  Jumpstar Logistics

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  47-3906433

4. **Debtor's address**

   **Principal place of business**
   12807 Haynes Road,
   Number    Street
   Bldg J

   Houston,            TX        77066
   City                State     ZIP Code

   Harris
   County

   **Mailing address, if different from principal place of business**
   _____
   Number    Street

   _____
   P.O. Box

   _____
   City       State    ZIP Code

   **Location of principal assets, if different from principal place of business**
   7470 Miller Rd 2
   Number    Street

   Houston,           TX       77049
   City              State     ZIP Code

5. **Debtor's website (URL)**  www.jumpstarlogistics.com

---
Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor __Jumpstar Enterprises LLC_____    Case number (*if known*)_____
       Name

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
|---|---|---|
| 7. | Describe debtor's business | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>_4_ _8_ _4_ _1_ |
| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check **all** that apply*:<br>  ☒ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☒ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years?<br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes.  District _____ When _____ Case number _____<br>                                                 MM / DD / YYYY<br>        District _____ When _____ Case number _____<br>                                                 MM / DD / YYYY |

Debtor  Jumpstar Enterprises LLC  Case number *(if known)*_____
       Name

| 10. | Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☒ No |
| --- | --- | --- |
|  | List all cases. If more than 1, attach a separate list. | ☐ Yes. Debtor _____  Relationship _____  District _____  When ___/___/_____ (MM/DD/YYYY)  Case number, if known _____ |

| 11. | Why is the case filed in *this district*? | Check all that apply: |
| --- | --- | --- |
|  |  | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
|  |  | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ☒ No |
| --- | --- | --- |
|  |  | ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
|  |  | **Why does the property need immediate attention?** (*Check all that apply.*) |
|  |  | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. |
|  |  | What is the hazard? _____ |
|  |  | ☐ It needs to be physically secured or protected from the weather. |
|  |  | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). |
|  |  | ☐ Other _____ |
|  |  | **Where is the property?** _____  Number  Street  _____  City _____ State _____ ZIP Code |
|  |  | **Is the property insured?** |
|  |  | ☐ No |
|  |  | ☐ Yes. Insurance agency _____  Contact name _____  Phone _____ |

### Statistical and administrative information

| 13. | Debtor's estimation of available funds | Check one: |
| --- | --- | --- |
|  |  | ☒ Funds will be available for distribution to unsecured creditors. |
|  |  | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. | Estimated number of creditors | ☒ 1-49  ☐ 50-99  ☐ 100-199  ☐ 200-999 | ☐ 1,000-5,000  ☐ 5,001-10,000  ☐ 10,001-25,000 | ☐ 25,001-50,000  ☐ 50,001-100,000  ☐ More than 100,000 |
| --- | --- | --- | --- | --- |

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page 3

Debtor  Jumpstar Enterprises LLC    Case number (if known) _____
        Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☒ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☒ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/15/24
            MM / DD / YYYY

X _/s/ Brian Tyson_____    Brian Tyson
Signature of authorized representative of debtor    Printed name

Title  Manager

**18. Signature of attorney**

X _/s/_____    Date  12/16/2024
Signature of attorney for debtor          MM / DD / YYYY

Lloyd A. Lim
Printed name

Kean Miller LLP
Firm name

711 Louisiana Street, Suite 1800
Number    Street

Houston                                  TX        77002
City                                     State     ZIP Code

713-844-3070                             Lloyd.Lim@KeanMiller.com
Contact phone                            Email address

24056871                                 TX
Bar number                               State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

# WRITTEN CONSENT & RESOLUTIONS

## of the

## MANAGER of JUMPSTAR ENTERPRISES LLC

## D/B/A JUMPSTAR LOGISTICS

### December 14, 2024

The undersigned, constituting the Manager (the "Manager") of Jumpstar Enterprises LLC d/b/a Jumpstar Logistics (the "Company"), hereby consents in writing ("Consent") to and approve the Resolutions set forth herein and each and every action effected thereby. This Consent may be executed in counterparts, each of which shall be deemed an original, and all of which, taken together shall constitute one instrument. A copy of this Consent signed and delivered by telecopy, email, facsimile transmission shall be considered an original.

**VOLUNTARY PETITION FOR RELIEF UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE**

WHEREAS, the Manager has considered the Company's assets, liabilities, liquidity, the strategic alternatives available to the Company, offers to sell the Company or its Assets, and the impact of the forgoing on the Company's business; and

WHEREAS, the Manager upon the advice of professionals has determined that it is advisable and in the best interests of the Company, its creditors, and other interested parties that the Company file a petition in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") under the provisions of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in such form and at such time as the officers of the Company executing said petition shall determine (the "Bankruptcy Case").

NOW, THEREFORE, BE IT RESOLVED, that the Manager is authorized, and empowered, on behalf of and in the name of the Company, to file the Bankruptcy Case;

RESOLVED FURTHER, that the Manager is authorized, and empowered, on behalf of and in the name of the Company to employ and retain the law firm of Kean Miller LLP ("KM") as bankruptcy counsel for the Company in the Bankruptcy Case, to represent and assist the Company in carrying out its respective duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, is authorized and directed to execute an appropriate retention agreement, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of KM. To the extent that the appropriate retention agreement has been executed and retainers paid, the Manager hereby retroactively approve same;

RESOLVED FURTHER, that the Manager is authorized, and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, financial, accounting and

bankruptcy services firms (together with KM, collectively the "Professionals") as may be deemed necessary or appropriate by the officer(s) of the Company for the Bankruptcy Case and, in connection therewith, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain services of such Professionals;

RESOLVED FURTHER, that the Manager is authorized, and empowered, on behalf of and in the name of the Company, to obtain debtor-in-possession financing to pay for operational expenses of the Company, including all fees incurred by Professionals in the Bankruptcy Case (if necessary);

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by the Manager or any Professional to seek relief on behalf of the Company under the Bankruptcy Code or in connection with the Bankruptcy Case, or any matter or proceeding related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

RESOLVED FURTHER that the Manager is authorized, and empowered, with full power of delegations, for and in the name and on behalf of the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to, discussed in or related to the matter referred to in the foregoing resolutions; and

RESOLVED FURTHER that any and all actions of the Manager taken prior to the date hereof to (a) carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder, and (b) take any such action to constitute conclusive evidence of the exercise of such discretionary authority, be and hereby are ratified, approved, and confirmed in all respects.

## GENERAL IMPLEMENTING AUTHORITY

RESOLVED that the Manager is authorized, and empowered, with power of full delegation, on behalf of and in the name of the Company (a) to operate the business of and conduct business for and on behalf of the Company during the course of the Bankruptcy Case and (b) to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on the Company's behalf as provided herein) all necessary documents, including, without limitation, all petitions, applications to employ and retain all assistance by legal counsel, accountants, or other Professionals and to take any and all action that they deem necessary and proper in connection with the Bankruptcy Case; and

RESOLVED FURTHER that the Manager is authorized, and empowered, for and in the name and on behalf of the Company to take or cause to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed and delivered all such further agreements, documents, certificates, and undertakings, and to incur all such fees and expenses, as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

IN WITNESS WHEREOF, the undersigned, being the Manager of the Company, has executed his consent as of December 14, 2024.

_____
Brian Tyson, Manager of
Jumpstar Enterprises LLC

ACKNOWLEDGED AND AGREED TO BY:

_____
Kathleen Tyson, Owner and Sole Member of
Jumpstar Enterprises LLC