United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 24-35874 |
| | § | |
| JUMPSTAR ENTERPRISES LLC, | § | Chapter 11 |
| | § | |
| DEBTOR. | § | |
| | § | Subchapter V |

# ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION UNDER SUBCHAPTER V

Came on for consideration the *Debtor's Second Amended Plan of Reorganization under Subchapter V* (the "Plan") [Docket No. 89], filed on May 7, 2025, pursuant to 11 U.S.C. § 1191. After hearing the evidence, the Court finds as follows:

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's standing Order of Reference, and other various applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("FRBP").

2. Venue before the Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The Plan has been transmitted and properly served on all creditors and parties-in-interest in this Bankruptcy Case as required by the Bankruptcy Code and the FRCP.

4. Ballots for accepting or rejecting the Plan have been transmitted to all creditors holding impaired claims under the Plan as required by: (i) the Bankruptcy Code; (ii) the *Order Fixing Time for Filing Objections to Plan Confirmation; and Fixing Time for Hearing on Plan Confirmation* (the "Order Setting Deadlines and Hearing") [Docket No. 82]; (iii) the *Order Continuing Plan Confirmation Hearing* (the "Order Continuing Hearing") [Docket No. 100]; and (iii) the FRBP.

5. Notice of the applicable deadline to object to the Plan and hearing on confirmation

of the Plan has been given in accordance with the applicable provisions of the Bankruptcy Code, the Order Continuing Hearing, and the FRBP.

6. No creditors or parties-in-interest filed timely objections to the confirmation of the Plan, and all informal comments and/or objection were amicably resolved.

7. The Plan complies with all applicable provisions of the Bankruptcy Code, including, without limitation, all of applicable the provisions of Section 1129(a) of the Bankruptcy Code, and applicable FRCP relating to Plan confirmation.

## IT IS THEREFORE ORDERED AND ADJUDGED THAT:

1. The Plan, a copy of which is **filed at ECF #106**, is hereby **CONFIRMED** pursuant to 11 U.S.C. § 1191(a).[1]

2. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan bind the Debtor, all creditors of the Debtor, and parties-in-interest, whether or not the claim or interest of any such creditor or party-in-interest is impaired under the Plan, and whether or not such creditor has accepted the Plan.

3. Upon the occurrence of the Effective Date of the Plan, Debtor is discharged from any debt that arose prior to confirmation of the Plan, as specified in 11 U.S.C. § 1141(d)(1)(A), except as otherwise provided in the Plan or 11 U.S.C. § 1141(d)(6), and all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).

4. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and FRBP, and, in all respects, as if there

---

[1] All capitalized but undefined terms shall have the same meaning as ascribed to in the Plan.

were no pending case under any Chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. On the Effective Date of the Plan, property of the Debtor's bankruptcy estate shall vest in the Debtor pursuant to 11 U.S.C. § 1141(b). If the Debtor's bankruptcy case is subsequently converted to Chapter 7, all property of the Debtor shall automatically re-vest and become property of the Debtor's bankruptcy estate in the converted Chapter 7 case.

6. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise rejected are deemed assumed as of the Effective Date of the Plan.

7. Within three days after entry of this Order, the Debtor must serve Notice of entry of this Confirmation Order, pursuant to FRBP 3020(c). The Notice must be sent to all creditors and parties-in-interest by first class mail, postage prepaid. The Debtor must thereafter promptly file a copy of such Notice with proof of mailing with the Clerk of Court.

8. No later than fourteen days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the U.S. Trustee, and all parties-in-interest notice of such substantial consummation of the Plan as provided under 11 U.S.C. § 1183(c)(2).

9. No later than fourteen days after the Effective Date of the Plan, all professionals, including the Subchapter V Trustee, shall file all final fee applications, and the Debtor shall file a motion for final decree.

10. Upon substantial consummation of the Plan, the duties of the Subchapter V Trustee

shall terminate as provided under 11 U.S.C. § 1183(c)(1). Nevertheless, the Subchapter V Trustee is not discharged until such time as the Court enters the final decree and closes the case.

11. No later than sixty days after the Plan has been substantially consummated, the Subchapter V Trustee must file with the Court a Report of No Distribution (NDR) or a Final Report (TFR).

12. The Debtor shall timely file with the Court reports for each month (or portion thereof) in a form reasonably acceptable to the U.S. Trustee. The obligation to file reports ends on the earlier of the Effective Date of the Plan, or the date the bankruptcy case is converted or dismissed.

13. In accordance with 11 U.S.C. § 1142, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order.

14. All fees due and payable prior to the Effective Date of the Plan pursuant to 28 U.S.C. § 1930 shall be paid by the Debtor on or before the Effective Date. After the Effective Date, the Debtor and the Reorganized Debtor shall be jointly and severally liable to pay any and all applicable fees when due and payable.

15. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

16. The Bankruptcy Court retains exclusive jurisdiction to: (i) resolve issues with

respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the Plan; (ii) resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of the Effective Date of the Plan; (iii) adjudicate objections to claims; (iv) resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan; (v) adjudicate modifications of the Plan under 11 U.S.C. § 1193; (vi) review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and (vii) enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

Signed: June 13, 2025

Jeffrey P. Norman
United States Bankruptcy Judge